1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN MARTINEZ,

            Plaintiff,

      v.

PIERCE COUNTY, *et al.*,

            Defendants.

Case No. C22-5919RSL

ORDER DENYING MOTION
TO DISMISS & GRANTING
LEAVE TO AMEND

This matter comes before the Court on defendants' "Motion to Dismiss Pursuant to FRCP 12(b)(6)" (Dkt. # 6) and plaintiff's motion to amend her complaint (Dkt. # 11).

Plaintiff filed her initial *pro se* complaint, alleging § 1983 claims stemming from the tax sale of real property, on November 28, 2022. Dkt. # 1. On February 15, 2023, defendants filed a motion to dismiss under Rule 12(b)(6). Dkt. # 6. On March 8, 2023, plaintiff filed a motion for leave to file an amended complaint, to which she attached a proposed amended complaint. Dkt. # 11.

## I.    Motion for Leave to Amend

Plaintiff asks the Court to grant her leave to amend her complaint. Dkt. # 11. However, under Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Here, plaintiff filed her motion to amend, which included her proposed amended complaint, within 21 days of defendants' motion to dismiss. *See* Fed. R. Civ. P. 6(a)(1) (rules for computing time). A motion for leave to amend thus was unnecessary. *See Sparling v.*

*Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a plaintiff's motion for leave to amend was "unnecessary" because the plaintiff could have amended without leave of court). When a plaintiff makes an unnecessary request for leave to amend in such circumstances, the Ninth Circuit has instructed that the district court should grant it. *Id.* "When a party has the ability to amend a pleading as a matter of course, but nevertheless requests permission to amend, the party's right to amend is not lost and the court is obliged to grant such unnecessary requests." *Hill v. Clovis Police Dep't*, No. C11–1391AWI-SMS, 2011 WL 5828224, at *9 (E.D. Cal. Nov. 18, 2011) (citing *Sparling*, 864 F.2d at 638). Accordingly, the Court grants plaintiff's motion. Plaintiff's amended complaint located at Dkt. # 11 is now the operative pleading in this matter.

## II.      Motion to Dismiss

An amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (citations omitted)). Consequently, plaintiff's amended complaint supersedes the original complaint. Because defendants' motion to dismiss targets the original complaint, which is no longer in effect, the motion to dismiss is deemed moot. *Id.* ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .").

## III.     Conclusion

For all the foregoing reasons:

1.  Defendants' motion to dismiss (Dkt. # 6) is DENIED as moot.

2.  Plaintiff's motion for leave to amend (Dkt. # 11) is GRANTED. Plaintiff's amended complaint located at Dkt. # 11 is now the operative pleading in this matter.

3.  Plaintiff's motion for leave to file a surreply (Dkt. # 15) is DENIED.

ORDER DENYING MOTION TO DISMISS &
GRANTING LEAVE TO AMEND - 2

1    IT IS SO ORDERED.

2

3    DATED this 30th day of May, 2023.

4

5

6                                    Robert S. Lasnik
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION TO DISMISS &
GRANTING LEAVE TO AMEND - 3