1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN MARTINEZ,

               Plaintiff,

    v.

PIERCE COUNTY, *et al.*,

               Defendants.

Case No. C22-5919RSL

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

     This matter comes before the Court on defendants' "FRCP 12(b)(6) Motion to Dismiss Amended Complaint" (Dkt. # 17). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.    Background**

     Pro se plaintiff Karen Martinez brings a § 1983 claim against Pierce County and Pierce County Deputy Prosecuting Attorney Kimberly Demarco, alleging that defendants violated her due process and equal protection rights, as well as the Fair Housing Act.[1] Dkt. # 11 at 11.

---

[1] While plaintiff offers no citation for her statutory claims, the Court understands it to refer to the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 1

The allegations in the Amended Complaint stem from a November 25, 2019[2] tax sale of real property. *Id.* at 19. Specifically, on May 4, 2018, Pierce County initiated a foreclosure suit against plaintiff's residence for non-payment of property taxes. Dkt. # 6 at 27. On July 19, 2018, plaintiff was served with a "Summons and Notice of Intention to Apply for Judgement of Foreclosure." Dkt. # 14-1. The summons included the following paragraph:

> Payment or Redemption: Redemption from foreclosure requires payment of all amounts due, or which became due prior to redemption, including foreclosure costs and title report charges, interest, and penalties.
> THE RIGHT TO REDEEM WILL EXPIRE AT CLOSE OF BUSINESS ON THE DAY SALE . . . .

Dkt. # 14-1 at 8. However, plaintiff alleges that she was "given only 3 business days' notice of 'Right to Redeem.'" Dkt. # 11 at 11. The only factual support plaintiff provides for this claim is a citation to an email from her attorney, dated November 19, 2019, which reads:

> Hi Karen,
>
> Dorothy wanted me to check in to see where you plan on living once the home forecloses?
>
> Additionally, is it possible that you could try to only pay back the current liability of the $18K, and get an ongoing senior tax exemption in the future?
>
> Just letting you know all the possible options.

Dkt. # 11-1. Plaintiff alleges that this three-day notice violated both her substantive and procedural due process rights. Dkt. # 11 at 11. She further alleges that defendant Demarco violated the equal protection clause of the Fourteenth Amendment and the "Fair Housing Act by not disclosing 'Right of Redemption' in a timely manner to a disabled person." Dkt. # 11 at 19.

Plaintiff also alleges that the notice was deficient because she was "denied right to redeem in her own name." Dkt. # 11 at 15. In pleading this claim, plaintiff directs the Court to a

---

[2] Plaintiff identifies both November 25, 2019 and November 27, 2019 as the relevant date for the auction sale in her Amended Complaint. *See* Dkt. # 11 at 10, 19, 22. State court records indicate that November 25, 2019 is the relevant date. *See* Dkt. # 6 at 67.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 2

state court decision, *see id.* at 21, finding that plaintiff was entitled to the surplus proceeds of the tax sale, even though she was not the record owner of the property at the time of the foreclosure, *see* Dkt. # 6 at 26-29 (state court ruling). The state court opinion analyzed the real estate contract between plaintiff and the record owners (who sold the property to plaintiff), and found that had the sellers complied with the contract terms, "the recorded owner of the property would have been" plaintiff. *Id.* at 27. Plaintiff alleges that "enforcement of municipal custom/policy stating that only those with 'recorded interest' in property can pay arrears" constitutes a deprivation of her due process rights. Dkt. # 11 at 18.

Related to the foreclosure proceedings, plaintiff initiated Chapter 13 bankruptcy proceedings on November 2, 2018. *See In re Karen Denise Robinson*, No. 18-43743-MJH (Bankr. W.D. Wash. Nov. 2, 2018); *see also* Dkt. # 11 at 10. Plaintiff alleges that defendant Demarco "denied [plaintiff] due process" and violated the Fair Housing Act by requiring plaintiff's "Chapter 13 Bankruptcy to be changed from standard to non-standard." Dkt. # 11 at 18.

Defendants have filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the allegations "do not state a claim upon which relief can be granted against either DPA Demarco or Pierce County." Dkt. # 17 at 2.

## II.   Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 3

1            entitlement to relief. Nor is it enough that the complaint is factually neutral;

2            rather, it must be factually suggestive.

3  *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and

4  citations omitted). All well-pleaded factual allegations are presumed to be true, with all

5  reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.,*

6  714 F.3d 1141, 1144-45 (9th Cir. 2013) (citation omitted).  If the complaint fails to state a

7  cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is

8  appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

9         In the context of a motion to dismiss for failure to state a claim, the Court's review is

10  generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479

11  (9th Cir. 1996). "A court may, however, consider certain materials—documents attached to the

12  complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

13  without converting the motion to dismiss into a motion for summary judgment." *United States v.*

14  *Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The email attached to plaintiff's Amended

15  Complaint and the state court records submitted by defendants fall within one or more of these

16  categories and have been considered in ruling on this motion.

17         Where a complaint is dismissed pursuant to Rule 12(b)(6), pro se litigants should be

18  granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by

19  amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

20        **III.   Discussion**

21         Plaintiff brings the instant lawsuit under 42 U.S.C. § 1983. Dkt. # 11 at 11. "To establish

22  § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution

23  and laws of the United States, and (2) that the deprivation was committed by a person acting

24  under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir.

25  2011). "Section 1983 is not itself a source of substantive rights, but merely provides a method

26  for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

27  (citation and quotation marks omitted). Thus, "[t]he first step in any such claim is to identify the

28  specific constitutional right allegedly infringed." *Id.* (citation and quotation marks omitted); *see*

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 4

1    *also Manuel v. City of Joliet, Ill.*, 580 U.S. 357 (2017) (explaining that the "threshold inquiry in

2    a § 1983 suit" requires identifying "the specific constitutional right at issue" (citation omitted)).

3         Here, each of the claims in plaintiff's Amended Complaint either fail to state a

4    cognizable claim under § 1983 or fail to plausibly allege facts giving rise to a claim under

5    § 1983. Accordingly, the Court grants defendants' motion to dismiss. Because plaintiff fails to

6    adequately plead a deprivation of her constitutional or statutory rights, the Court need not reach

7    the question of whether the violation was caused by "a policy, practice, or custom of the entity,"

8    as would be required to demonstrate liability on the part of Pierce County. *Dougherty v. City of*

9    *Covina*, 654 F.3d 892, 900 (9th Cir. 2011), nor the question of whether defendant Demarco is

10   entitled to qualified immunity.[3]

11                    **A.  Plaintiff Fails to Plead That Notice Was Insufficient**

12        Plaintiff pleads several violations of her federal rights based on the allegation that she

13   received notice of her right to redeem only three business days prior to the auction. Dkt. # 11 at

14   11. While the Court agrees that plaintiff has a right to timely notice of the foreclosure

15   proceedings, *see Jones v. Flowers*, 547 U.S. 220, 223 (2006) ("Before a State may take property

16   and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the

17   government to provide the owner 'notice and opportunity for hearing appropriate to the nature of

18   the case.'"), plaintiff has failed to plead any facts demonstrating a deprivation of this right.

19   Plaintiff simply alleges in a conclusory fashion that defendants only provided her with notice

20   "three business days" before the auction. Dkt. # 11 at 11. This assertion, standing alone, is

21   insufficient to meet the plausibility standard required to survive a motion to dismiss.

22

23        [3] The Court also declines to address the state laws cited by both parties. Plaintiff has brought this
24   lawsuit under § 1983, which provides an avenue to vindicate *federal* statutory and constitutional rights.
     *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that § 1983 is "a method for
25   vindicating federal rights elsewhere conferred by those parts of the United States Constitution and
     federal statutes that it describes"). To the extent plaintiff seeks to separately raise causes of action under
26   state statutes, the Court has no subject matter jurisdiction over such claims, as both defendants and
     plaintiff are citizens of the state of Washington. *See* 28 U.S.C. § 1332. The Court declines to exercise
27   supplemental jurisdiction over any state law claim that plaintiff may have intended to present. *See* 28
     U.S.C. § 1367(c)(3).
28
     ORDER GRANTING DEFENDANTS' MOTION TO
     DISMISS - 5

1 Furthermore, plaintiff's assertion is contradicted by state court records indicating that plaintiff

2 was served with a summons on July 19, 2018, over a year before the auction sale, which

3 included notice of the impending foreclosure and informed plaintiff of the right to redeem. *See*

4 Dkt. # 14-1.

5       Because plaintiff fails to plead facts plausibly demonstrating a constitutional deprivation,

6 she necessarily also fails to plead facts that would allow the Court to draw the reasonable

7 inference that the defendant is liable for the misconduct alleged. Plaintiff relies on the

8 conclusory statement that defendant Demarco was responsible for "limit[ing] the 'Right of

9 Redemption' timetable to only 3 business days." Dkt. # 11 at 17. However, the only support

10 plaintiff offers for this allegation is an email from plaintiff's *own* attorney inquiring whether

11 plaintiff might be able to exercise her right to redeem. *Id.* (citing to Exhibit A of the amended

12 complaint). The email makes no mention of a three-day timeframe or any reference to Pierce

13 County or defendant Demarco. *See* Dkt. # 11-1.

14       In sum, plaintiff has failed to plead specific facts that would allow the Court to draw the

15 reasonable inference that (1) plaintiff's rights were violated, as she has failed to plead any

16 factual support for her contention that she received notice of her right to redeem only three days

17 prior to the auction or (2) that the defendant is liable for the misconduct alleged, as plaintiff has

18 pleaded no facts tending to show that defendant Demarco or Pierce County failed to provide

19 notice of her right to redeem. Accordingly, plaintiff's claims arising from the alleged three-day

20 notice period are dismissed under 12(b)(6).

21       If plaintiff can plead facts plausibly demonstrating that (1) she did not receive notice of

22 her right to redeem until three business days prior to the auction; and (2) defendants were

23 responsible for the allegedly deficient notice, she may do so in an amended complaint. *Cook,*

24 *Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) ("If a motion to

25 dismiss is granted, a court should normally grant leave to amend unless it determines that the

26 pleading could not possibly be cured by allegations of other facts.").

27       **B.  Plaintiff Fails to Adequately Plead Denial of Right to Redeem**

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 6

Plaintiff also pleads several causes of action based on the allegation that she was not permitted to exercise her right to redeem because she was not the record owner of the property at the time of foreclosure. Dkt. # 11 at 15, 17-18. The Court finds several grounds on which to dismiss this claim.

First, plaintiff has failed to adequately plead the existence of a constitutional or statutory right. Plaintiff argues that the constitutional right at stake here is the "right to be seen," which should be recognized under the umbrella of substantive due process. Dkt. # 18 at 4. However, the Supreme Court has "always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992). Furthermore, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 271. The Court finds no basis for recognizing plaintiff's asserted "right to be seen" as a constitutionally protected right.

Second, even if the Court were to construe plaintiff's claim more broadly as a going to her procedural due process right to receive notice and an opportunity to be heard, plaintiff has failed to adequately plead a deprivation of that right. Plaintiff appears to argue that her constitutional rights were violated as a result of her name not being listed in "Appendix A" of the summons notifying her of the foreclosure proceedings. Dkt. # 18 at 10. However, the summons – which was served on plaintiff – informed her that the county was bringing the foreclosure proceeding against numerous "defendants," including her property "930 Tacoma Ave. S., Tacoma" and co-purchaser husband "Robinson, Joseph August." Dkt. # 14 at 6, 14. The summons also stated that "additional defendants" include "all persons known or unknown, having or claiming to have any right, title, homestead, estate, lien or interest in real property described." *Id.* at 6. Furthermore, plaintiff has pleaded no facts indicating that she attempted to exercise her right to redeem and was in any way prohibited from doing so.

Third, plaintiff has failed to plead facts that would allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In fact, plaintiff explains that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

1   the reason she was not explicitly named as a record owner on the summons is because she was,

2   at the time, not the record owner of the property as a result of a private party's failure to perform

3   on a real estate contract. Dkt. # 11 at 21.

4       Accordingly, claims arising from the alleged denial of the right to redeem "in her own

5   name" are dismissed under 12(b)(6). *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.

6   1985) ("Because the appellants have failed to state facts that constitute the infringement of a

7   protected right, their § 1983 claim must necessarily fail"). Because there is no federally

8   recognized right "to be seen," amendment would be futile and the Court denies leave to amend.

9                           **C.  Equal Protection Claims**

10      In addition to her due process claims, plaintiff alleges that the "lack of adequate notice"

11  also constituted an equal protection violation, as it "was based on and because of apparent and

12  actual disability." Dkt. # 11 at 22.

13      "To establish a § 1983 equal protection violation, [plaintiff] must show that the

14  defendants . . . discriminated against [her] as [a] member[ ] of an identifiable class and that the

15  discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134

16  (9th Cir. 2003). Here, plaintiff does not allege facts that plausibly suggest that defendant

17  Demarco – or, indeed, any person – "acted with an intent or purpose to discriminate" against her

18  because of her membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194

19  (9th Cir. 1998). Accordingly, claims arising from plaintiff's alleged equal protection violations

20  are dismissed under 12(b)(6).

21      If plaintiff can plausibly plead facts demonstrating that defendants intentionally

22  discriminated against her on the basis of her membership in an identifiable class, she may do so

23  in an amended complaint

24          **D.  Plaintiff Fails to Plead Either Plausible Facts or Cognizable Legal Theory**

25                      **Regarding Bankruptcy Claims**

26      Plaintiff alleges that defendant Demarco "denied [plaintiff] due process" and violated the

27  Fair Housing Act by "require[ing]" plaintiff's "Chapter 13 Bankruptcy to be changed from

28  standard to non-standard." Dkt. # 11 at 19.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 8

Again, plaintiff's Amended Complaint fails to adequately plead any element of her § 1983 claim. First, plaintiff fails to plead facts demonstrating that she has a constitutional or statutory right to a "standard" Chapter 13 bankruptcy[4] and the Court is unaware of any such right. Indeed, the Supreme Court has stated that there "is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 446 (1973).

Second, plaintiff fails to plead any facts demonstrating that the inclusion of "nonstandard" provisions violated her due process rights, or the rights provided by the federal Fair Housing Act.

Third, even if plaintiff could demonstrate that the inclusion of "nonstandard" provisions violated her constitutional or statutory rights, plaintiff fails to plead any facts to support her contention that the inclusion of "nonstandard" provisions in her Chapter 13 bankruptcy plan was in any way caused by defendants. She summarily states that her Chapter 13 bankruptcy was converted to "non-standard at the behest of Kim Demarco" but fails to plead any facts demonstrating *how* defendant Demarco modified plaintiff's bankruptcy plan. Dkt. # 11 at 10.

Accordingly, plaintiff's due process and Fair Housing Act claims arising from the alleged conversion of her Chapter 13 bankruptcy proceedings from standard to non-standard are dismissed under 12(b)(6). Because there is no federally recognized right to a "standard" Chapter 13 bankruptcy, amendment would be futile and the Court denies leave to amend.

**IV.    Conclusion**

For all the foregoing reasons, defendants' motion to dismiss (Dkt. # 17) is GRANTED. Plaintiff's Amended Complaint (Dkt. # 11) is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) with leave to amend her equal protection claim and her procedural due process claim regarding the timing of the notice of the right to redeem. The Court finds that granting plaintiff leave to amend her remaining claims would be futile, and thus dismisses them without leave to amend.

---

[4] "A 'nonstandard' provision in a Chapter 13 bankruptcy plan is a special provision, not otherwise included in the Official Form, that is applicable to the particular circumstances of the debtor." *Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1157 n.1 (9th Cir. 2017).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

1    If plaintiff can plausibly plead facts demonstrating (1) that defendants intentionally

2  discriminated against her on the basis of her membership in an identifiable class; (2) that she did

3  not receive notice of her right to redeem until three business days prior to the auction; and (3)

4  that defendants were responsible for the allegedly deficient notice, she may file an amended

5  complaint within twenty-one (21) days of this Order.

6

7    IT IS SO ORDERED.

8

9    DATED this 26th day of July, 2023.

10

11

12                                        Robert S. Lasnik
                                          United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 10