UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, *et al.*,<br><br>    Defendants. | Case No. C22-5919RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on defendants' "FRCP 12(b)(6) Motion to Dismiss Second Amended Complaint" (Dkt. # 21). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.    Background**

On November 28, 2022, *pro se* plaintiff Karen Martinez filed a § 1983 lawsuit against Pierce County and Pierce County Deputy Prosecuting Attorney Kimberly Demarco, alleging violations of her federal constitutional and statutory rights during the County's 2019 tax sale of plaintiff's residence. *See* Dkt. # 1. On February 15, 2023, defendants filed their first motion to dismiss for failure to state a claim. *See* Dkt. # 6. In response to defendants' motion, plaintiff filed a motion requesting leave to file an amended complaint. Dkt. # 11. In resolving both motions, the Court noted that plaintiff had filed her Amended Complaint – which she had attached to her motion requesting leave to amend – within the time period in which a party is permitted to amend its pleadings "as a matter of course" under the Federal Rules of Civil Procedure. *See* Dkt. # 16 at 1-2 (citing Fed. R. Civ. P. 15(a)(1)(B)). Accordingly, the Court granted plaintiff's motion for leave to amend and denied defendants' motion to dismiss as moot.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 1

*Id.* Plaintiff's Amended Complaint, which alleged that defendants violated her due process and equal protection rights, as well as the Fair Housing Act, became the operative pleading in this matter. *Id.*

On June 8, 2023, defendants filed a motion to dismiss plaintiff's Amended Complaint, *see* Dkt. # 17, which plaintiff opposed, *see* Dkt. # 18. The Court granted defendants' motion to dismiss, finding that "each of the claims in plaintiff's Amended Complaint either fail to state a cognizable claim under § 1983 or fail to plausibly allege facts giving rise to a claim under § 1983." Dkt. # 20 at 5. However, recognizing that "[w]here a complaint is dismissed pursuant to Rule 12(b)(6), *pro se* litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment," *id.* at 4 (citing *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)), the Court granted plaintiff leave to amend her equal protection and one of her due process claims. *Id.* at 10. The Court explained that as to plaintiff's due process claim alleging a lack of timely notice, plaintiff would need to allege facts showing that "(1) she did not receive notice of her right to redeem until three business days prior to the auction; and (2) defendants were responsible for the allegedly deficient notice" in order to state a claim on which relief can be granted. *See id.* at 6. The Court further explained that as to plaintiff's equal protection claims, plaintiff would need to allege facts demonstrating that defendants intentionally discriminated against her on the basis of her membership in an identifiable class in order to state a claim on which relief can be granted. *Id.* at 8.

On August 16, 2023, plaintiff filed her Second Amended Complaint. *See* Dkt. # 21. In her Second Amended Complaint, plaintiff failed to allege any additional facts to support her claims. *Id.* Accordingly, defendants filed a motion to dismiss plaintiff's Second Amended Complaint. *See* Dkt. # 22. In response to defendants' motion to dismiss, plaintiff filed a "Declaration" in which she apologizes "for not understanding the instructions given" by the Court in its order dismissing plaintiff's Amended Complaint and granting limited leave to amend. Dkt. # 23 at 1.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 2

Plaintiff's response attempts to "answer the 3 items that the Court asked Plaintiff to plausibly plead with facts demonstrating violations of Due Process and Equal Protection." *Id.*[1]

Given *pro se* litigants are afforded more leniency than those represented by counsel and are to be given opportunities to correct their procedural mistakes, *see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (explaining that "in evaluating [*pro se* plaintiff's] compliance with the technical rules of civil procedure, we treat him with great leniency"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants." (citation omitted)), the Court will consider the allegations plaintiff sets forth in Dkt. # 23 as part of its analysis of defendants' motion to dismiss.[2]

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

---

[1] Plaintiff also submitted a second, late-filed response to defendants' motion to dismiss. *See* Dkt. # 25.

[2] The Court notes that defendants seem to have taken a similar approach in their reply brief. *See* Dkt. # 24 at 2 (defendants state that it is "unclear whether Plaintiff's submission is intended to be a type of partial responsive brief, or yet another motion seeking leave to further amend" but arguing that either way, plaintiff's response "does not avoid dismissal with prejudice").

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 3

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013) (citation omitted). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Where a complaint is dismissed pursuant to Rule 12(b)(6), *pro se* litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## II. Analysis

Defendants argue that plaintiff's Second Amended Complaint fails to "supply the repeatedly identified and required specific facts" and accordingly should be "should be dismissed with prejudice." Dkt. # 24 at 6. The Court first addresses whether plaintiff has adequately stated a claim upon which relief can be granted with regard to her equal protection claim and due process claim, and then turns to any additional claims raised in her Second Amended Complaint.

### A. Equal Protection

As the Court noted in its previous order, "[t]o establish a § 1983 equal protection violation, [plaintiff] must show that the defendants . . . discriminated against [her] as [a] member[ ] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Here, plaintiff has again failed to plead facts showing that she was discriminated against, much less that she was discriminated against on the basis of her membership in a protected or identifiable class.

In her response to defendants' motion to dismiss, plaintiff asserts that prior to a state court hearing regarding the surplus funds following the tax sale of plaintiff's residence, plaintiff was "talking to DPA De[m]arco about Plaintiff's disability" and Demarco told plaintiff not to

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 4

tell Demarco anything "as [Demarco] would use it against [plaintiff]." Dkt. # 23 at 2.[3] However, plaintiff does not allege that Demarco did, in fact, use any information regarding plaintiff's disability "against [plaintiff]." *See* Dkt. # 23; Dkt. # 21.

Additionally, plaintiff alleges that Demarco (1) told the state court judge in the surplus funds action that plaintiff had "a real estate contract with" the recorded property owners but "did nothing more to establish Plaintiff as an Interested Party to the action" and (2) "refuse[d] to accept the information that there was sufficient equity for Plaintiff to qualify for a deferral . . . [a]t the Board of Equalization hearing." Dkt. # 23 at 2-3. As to Demarco's alleged actions in the surplus proceeds action, plaintiff fails to articulate what more was expected of Demarco to "establish Plaintiff as an Interested Party," or how informing the state court judge that plaintiff had a real estate contract with the recorded property owners was discriminatory. Indeed, plaintiff was ultimately awarded the surplus proceeds at issue in the case by the state court judge.[4] *See* Dkt. # 6 at 26-28.[5] As to Demarco's actions at the Board of Equalization hearing, Ms. Demarco was representing the County in an adversarial proceeding; plaintiff has not plead facts showing that Demarco was "discriminating" against plaintiff when she opposed plaintiff's request for a deferral. *See* Dkt. # 6 at 30.

---

[3] Plaintiff also alleges that she "walked with a cane and showed facial deformity" at this state court hearing. Dkt. # 23 at 2.

[4] Plaintiff also alleges that in the surplus funds interpleader matter, Demarco "would suggest, among many options, that no person should receive the Surplus Funds" and that Demarco "proceeded to have herself dismissed [from the interpleader action]." Dkt. # 23 at 3. These allegations do not support plaintiff's claims that she was discriminated against, much less that she was discriminated against on the basis of her disability.

[5] In the context of a motion to dismiss for failure to state a claim, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). As discussed in the Court's prior order, *see* Dkt. # 20 at 4, the email attached to plaintiff's Amended Complaint and the state court records submitted by defendants fall within one or more of these categories and have been considered in ruling on this motion.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 5

1       As to the County, plaintiff makes the general allegations that "[a]t no time during the foreclosure process was Plaintiff given contact information/referral to a housing counselor or available free legal aid by any county staff, nor on the website." Dkt. # 23 at 2. However, plaintiff pleads no facts tending to show that other individuals were offered these services, nor that the reason she was not offered these services was because of her disability (or her membership in another protected or identifiable class).

      As plaintiff has failed to provide sufficient facts to state a claim, the Court dismisses plaintiff's equal protection claim. Given plaintiff has been given multiple opportunities to allege facts sufficient to support an equal protection claim and has been unable to do so, the Court finds that leave to further amend her equal protection claim would be futile, and dismisses the claim without leave to amend. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (explaining that a district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

### B. Due Process

      In its prior order, the Court recognized that plaintiff has a right to timely notice of the foreclosure proceedings, *see Jones v. Flowers*, 547 U.S. 220, 223 (2006) ("Before a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner 'notice and opportunity for hearing appropriate to the nature of the case.'"), and accordingly granted plaintiff leave to amend her due process claim to plead facts demonstrating that (1) she did not receive notice of her right to redeem until three business days prior to the auction; and (2) defendants were responsible for the allegedly deficient notice, *see* Dkt. # 20 at 6.

      Plaintiff has failed to allege any new facts to support her claim. *See* Dkt. # 21; Dkt. # 23. Plaintiff again directs the Court to the email sent by plaintiff's counsel in the foreclosure proceeding, *see* Dkt. # 23 at 4, which the Court previously reviewed and found insufficient, *see* Dkt. # 20 at 6. Plaintiff also restates her claim that defendants' failure to identify her specifically as a "record owner" in the notice of foreclosure violated her due process rights. *See* Dkt. # 23 at 3; Dkt. # 21 at 10-15. The Court previously dismissed this claim without leave to amend. *See*

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 6

Dkt. # 20 at 6-8. As plaintiff has failed to allege any new facts in support of her due process claim, the Court dismisses it for failure to state a claim. Given plaintiff has been given multiple opportunities to allege facts sufficient to support a due process claim and has been unable to do so, the Court finds that leave to further amend her due process claim would be futile, and dismisses the claim without leave to amend.

### C. Additional Claims

In her Second Amended Complaint, plaintiff appears to attempt to assert a new claim under the "state-created danger" doctrine, Dkt. # 21 at 11, as well as a challenge to state law RCW 84.64.080, *id.* at 10. She also appears to reassert a Fair Housing Act claim, *see* Dkt. # 23 at 4-10, after having her previous Fair Housing Act claim dismissed without leave to amend in this Court's prior order, *see* Dkt. # 20 at 8-9.

Notably, the Court's prior order specifically granted plaintiff "leave to amend her equal protection claim and her procedural due process claim regarding the timing of the notice of the right to redeem." Dkt. # 20 at 10; *see also* Fed. R. Civ. P. 15(a)(2) (explaining that outside the timeframes contemplated in part (a)(1) of the Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). Other district courts have held that similar language precludes the inclusion of new claims in an amended complaint. *See Sollenne v. U.S. Bank Nat'l Ass'n*, No. C12-2977BEN, 2014 WL 3341051, at *3 (S.D. Cal. July 8, 2014); *Portillo v. City of Nat'l City*, No. C20-2429MDD, 2022 WL 2835121, at *3 (S.D. Cal. July 19, 2022); *Adams v. United of Omaha Life Ins. Co.*, No. C12-969JST, 2013 WL 12114060, at *4 (C.D. Cal. Aug. 14, 2013); *DeLeon v. Wells Fargo Bank, N.A.*, No. C10-1390LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *Simmons v. Seal*, No. C07-01205CW, 2008 WL 1869702, at *5 (N.D. Cal. Apr. 24, 2008). "In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *DeLeon*, 2010 WL 4285006, at *3 (collecting cases).

Accordingly, to the extent plaintiff intended to assert any new claims in her Second Amended Complaint or response, the Court dismisses any new claims.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 7

### III. Conclusion

The Court recognizes that *pro se* pleadings are reviewed under a less stringent standard and should be liberally construed in a manner that includes all reasonable inferences that can be drawn. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint must set forth some basis for relief and here, after several opportunities to amend her complaint, plaintiff has failed to do so. Even interpreting plaintiff's submissions as liberally as possible, plaintiff has failed to demonstrate any viable claims. *See McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice and without leave to amend appropriate where deficiencies could not be cured by amendment).

Thus, for all the foregoing reasons, defendants' motion to dismiss (Dkt. # 22) is GRANTED. Plaintiff's claims are dismissed with prejudice and without leave to amend. The Clerk of Court is directed to enter judgment for defendants and against plaintiff.

DATED this 25th day of September, 2023.

Robert S. Lasnik
United States District Judge